# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| HISHAM METWALY,<br><br>              Plaintiff,<br>v.<br><br>FIVE K HOSPITALITY<br>CORPORATION, et al.,<br><br>              Defendants. | Civil Action No.<br><br>2:17-CV-10050-SDW-SCM<br><br>**ON ORDER TO SHOW CAUSE FOR WHY THIS CASE SHOULD NOT BE DISMISSED** |

## REPORT AND RECOMMENDATION

**STEVEN C. MANNION**, United States Magistrate Judge.

Before this Court is an Order to Show Cause why this case should not be dismissed for Plaintiff Hisham Metwaly's ("Mr. Metwaly") failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and Local Civil Rule 41.1(a).[1] The Honorable Susan D. Wigenton, United States District Judge, referred this motion to the undersigned for a report and recommendation.[2] For the reasons stated below, it is respectfully recommended that this case be **dismissed**.

---

[1] (ECF Docket Entry ("D.E.") 17, Order to Show Cause). Unless indicated otherwise, the Court will refer to documents by their docket entry number and the page numbers assigned by the Electronic Case Filing System.

[2] *See* L. Civ. R. 72.1(a)(2).

I. **BACKGROUND AND PROCEDURAL HISTORY**[3]

Mr. Metwaly's employment discrimination complaint was removed to this Court on October 30, 2017.[4] On January 29, 2018, the Court entered its initial scheduling order, which prescribed the timing for the parties to serve and respond to discovery requests.[5]

On March 20, 2018, Mr. Metwaly's counsel, David Rostan, ("Mr. Rostan") wrote to the Court regarding repeated, unsuccessful attempts to reach Mr. Metwaly since January 29, 2018.[6] On March 21, 2018, the Court scheduled a conference for April 23, 2018, and ordered counsel to advise Mr. Metwaly that his appearance is mandatory.[7]

Mr. Rostan filed a Motion to Withdraw as Counsel on March 28, 2018,[8] in which he outlined numerous attempts by phone, email, and U.S. mail to reach Mr. Metwaly since January and Mr. Metwaly failed to respond.[9] Mr. Rostan advised Mr. Metwaly of his intent to withdraw as counsel and informed Mr. Metwaly that the Court would hear the matter on April 23, 2018, and that his presence was mandatory.[10] Mr. Metwaly failed to attend on April 23 and did not respond

---

[3] The Court relies upon the allegations set forth within the pleadings and motion record for purposes of this motion only. The Court has made no findings as to the veracity of the parties' allegations.

[4] (D.E. 1, Compl.)

[5] (D.E. 10).

[6] (D.E. 11, Letter, at 1).

[7] (D.E. 12, Text Order).

[8] (D.E. 13, Motion to Withdraw).

[9] (D.E. 13-1, Aff. in Support of Withdrawal).

[10] (D.E. 13-1, Aff. in Support of Withdrawal, at ¶ 17); (D.E. 13-7, Ex. Six, at 2).

to discovery.[11] The Court granted Mr. Rostan's withdrawal on April 23, 2018, and scheduled an in-person conference on July 3, 2018.[12]

Mr. Metwaly did not file any letters or submit any documents to the Court since Mr. Rostan's withdrawal. On June 6, 2018, the Court issued an Order for Mr. Metwaly "to show cause why this case should not be dismissed for failure to prosecute."[13] Mr. Metwaly failed to respond or appear on July 3.

Hearing from defense counsel that immigration services may have recently released Mr. Metwaly from detention, the Court scheduled another in-person conference on August 31, 2018, and allowed Mr. Metwaly seven days from August 14, 2018, to respond to the Order to Show Cause. Mr. Metwaly did not submit anything to the Court and failed to attend the conference or request an adjournment.

## II. LEGAL STANDARD AND ANALYSIS

Courts have the authority to dismiss an action for a party's failure to prosecute.[14] Federal Rule of Civil Procedure 41(b) states that "[i]f the plaintiff fails to prosecute . . . a defendant may move to dismiss the action or any claim against it."[15] The District of New Jersey Local Civil Rule 41.1(a) describes dismissal of inactive cases, affirming that "[c]ivil cases . . . which have been pending in the Court for more than 120 days without any proceedings . . . must be dismissed for

---

[11] (D.E. 16-1, Def.'s Br., at 2).

[12] (D.E. 15, Order Permitting Withdrawal).

[13] (D.E. 17, Order to Show Cause, at 1).

[14] Fed. R. Civ. P. 41(b); L. Civ. R. 41.1(a).

[15] Fed. R. Civ. P. 41(b).

3

lack of prosecution . . . unless good cause is shown with the filing of an affidavit or other document complying with 28 U.S.C. § 1746 from counsel of record or the unrepresented party."[16]

Mr. Metwaly failed to appear before the Court, failed to communicate with his counsel and the Court, and failed to submit papers showing good cause why his case should not be dismissed. He has not had engaged in any activity to prosecute his case since the initial scheduling conference in January of 2018. Although the Court provided multiple opportunities for Mr. Metwaly to respond to its Order to Show Cause, by paper, or by appearing for its conferences on July 3 and on August 31, 2018, Mr. Metwaly neither appeared at these conferences nor requested adjournment of them. Because Mr. Metwaly has failed to appear at any conferences since January of 2018 and has failed to prosecute this action for over 90 days, I respectfully recommend that this case be dismissed for failure to prosecute.[17]

### III. CONCLUSION

For the reasons articulated herein, the undersigned respectfully recommends that Mr. Metwaly's pleading be **dismissed without prejudice**. The parties have fourteen days to file and serve any objections to this Report and Recommendation.[18] "The District Court need not consider frivolous, conclusive, or general objections."[19]

---

[16] L. Civ. R. 41.1(a).

[17] *Choi v. Kim*, 258 Fed.Appx. 413, 417 at n.5 (3d Cir. 2007) (*Poulis* factors need not be considered if the dismissal is without prejudice) (citing *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984)).

[18] 28 U.S.C. § 636; L. Civ. R. 72.1(c)(2).

[19] *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

The Clerk of the Court shall mail copies of this Report and Recommendation to the Mr. Metwaly at the address set forth below.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

9/7/2018 3:35:23 PM

Original: Clerk of the Court
Hon. Susan D. Wigenton, U.S.D.J.
cc: All parties
    File

cc (via U.S. Mail):

Mr. Hisham Metwaly
59 Newark Pomton Tpke.
Wayne, NJ 07470